PER CURIAM.
The Florida Board of Bar Examiners, by formal petition, has requested certain information for its guidance in determining the admissibility of applicants under the provisions of Article IV, Section 20, of the Rules of the Supreme Court of Florida Relating to Admission to the Bar, 32 F.S.A.
The Board has taken note of changes made in Article II and XI of the Integration Rule of The Florida Bar, 32 F.S.A., through the opinion of this Court styled In Matter of The Florida Bar, 262 So.2d 857, (Fla.1972). Specifically, the Board is concerned with revised Rule 11:02, entitled “Breaches of Discipline,” Subsection (6):
“(6) Discipline by foreign jurisdiction. A final adjudication by a court or other authorized disciplinary agency of another jurisdiction, state or federal, in a disciplinary proceeding that an attorney licensed to practice in that jurisdiction is guilty of misconduct justifying disciplinary action shall be considered as conclusive proof of such misconduct in a disciplinary proceeding under this rule. In such cases the adjudication of misconduct shall be sufficient basis for the filing of a complaint by The Florida Bar and assignment for hearing before a referee without a finding of probable cause under these rules.
“A member of The Florida Bar disbarred or suspended from the practice of *2 law by a court or other authorized disciplinary agency of another state or by a federal court shall within 30 days after the effective date of the disbarment or suspension file with this Court a copy of the order or judgment effecting such disbarment or suspension.”
Given the above, we are asked by the Board:
“Whether an Applicant Who Has Been Indefinitely Suspended or Disbarred From the Practice of Law in Another Jurisdiction is Automatically Disqualified for Admission to the Florida Bar Examination Pursuant to Article 4, Section 20, of the Rules of the Supreme Court of Florida Relating to Admissions to the Bar.”
Our response is derived from an examination of Subsection 6. It does not provide for automatic disqualification of an attorney admitted to The Florida Bar; rather, adjudication of misconduct is made a sufficient basis for the filing of a complaint and an assignment for hearing without a finding of probable cause. The disposition of the matter is not summary in form, and the referee is to decide, only after an examination of the cause, what discipline shall be appropriate. The Florida Bar v. Wilkes, 179 So.2d 193 (Fla.1965).
Similarly, we think that the Board of Bar Examiners should treat discipline by a foreign jurisdiction as a matter for consideration along with other matters relating to the educational, character and fitness qualifications of a candidate under Article IV, Section 20, Rules Relating to Admission to the Bar. We see no merit in an automatic disqualification which is summary in form. This point was made in Wilkes, supra, wherein we said: “One who is not a member of The Florida Bar who has been disbarred in another state would have to prove his fitness to be admitted here as does any other candidate for admission.” 179 So.2d at 200.
The question certified is answered in the negative.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.